UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| BAPTIST HEALTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:09CV060 MPM-SAA |
| BANCORPSOUTH INSURANCE | ) |
| SERVICES, INC., d/b/a RAMSEY, KRUG, | ) |
| FARRELL & LENSING, | ) |
| | ) |
| Defendant. | ) |

**FIRST AMENDED COMPLAINT**

COMES NOW Baptist Health, pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, and files its First Amended Complaint. Baptist Health alleges as follows:

1. The plaintiff, Baptist Health, is a corporation incorporated under the laws of the State of Arkansas, and no other state, with its principal place of business located in the City of Little Rock and the State of Arkansas.

2. The defendant, BancorpSouth Insurance Services, Inc., is a corporation incorporated under the laws of the State of Mississippi, and no other state, with its principal place of business located in the City of Tupelo and the State of Mississippi. BancorpSouth Insurance Services, Inc. does business in Arkansas under the name Ramsey, Krug, Farrell & Lensing.

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), in that it is between citizens of defendant states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. § 1391(a) and (c) because defendant is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

5. Baptist Health is a not-for-profit corporation that provides healthcare services through hospitals, clinics, and other healthcare facilities that it owns and operates in the State of Arkansas.

6. Defendant is an insurance broker that represents insureds in procuring and managing insurance and insurance coverage. At all times relevant hereto, defendant held itself out to the public and to Baptist Health as an expert possessing specialized insurance expertise. For example, in its marketing materials, defendant states that it is "an organization dedicated to identifying risk exposure and committed to reducing the real cost of risk" and "helping [its clients] evaluate and solve enterprise risk issues is a passion for us." Defendant "pledges to develop long-term partnerships" with its clients, including Baptist Health.

7. For over a decade, Baptist Health hired, paid for, and relied on defendant to provide insurance brokerage and related risk management services.

8. Defendant recognizes that its relationship with its clients, including Baptist Health, puts defendant in a special position of trust. According to defendant's marketing materials, defendant is "a true trusted advisor capable of providing coverage, in-house claims management and loss control expertise." Defendant became Baptist Health's close and trusted advisor and became intimately familiar with Baptist Health's operations. For example, defendant put insurance carriers on notice in the event that Baptist Health suffered a covered loss and assisted Baptist Health in filing claims. Defendant monitored Baptist Health's operations and identified situations in which additional or different insurance was required in order to

2

adequately protect Baptist Health. Over time, Baptist Health relied upon defendant to address many insurance matters affecting Baptist Health's healthcare operations.

9. Defendant maintained a particularly close and confidential relationship with Baptist Health. Defendant was kept apprised of changes in Baptist Health's business and was relied upon by Baptist Health to accurately complete portions of applications for insurance. Each year defendant presented its recommendations and proposals for insurance coverage directly to Baptist Health's board of directors. Through its extensive involvement in Baptist Health's affairs, defendant acquired a position of influence and superiority in the Baptist Health organization on insurance matters.

10. Defendant's duties in its role as Baptist Health's insurance broker included, but were not limited to, recommending appropriate insurance for Baptist Health for all coverage that Baptist Health placed through defendant. Baptist Health relied upon defendant's recommendations.

11. Directors and officers liability coverage was among the insurance products for which Baptist Health retained defendant to provide insurance brokerage and related risk management services.

12. Before December 16, 2003, defendant procured directors and officers coverage for Baptist Health from Executive Risk Indemnity Inc. ("ERII").

13. In the summer of 2003, defendant requested that Baptist Health complete an application to renew its directors and officers coverage with ERII. The renewal application included the following question:

> 22. No Entity nor any individual proposed for coverage is aware of any fact, circumstance, situation, transaction, event, act, error, or omission which they knew or should reasonably have known may

3

result in a claim that may fall within the scope of the proposed insurance except as follows. If the answer is "None," so state:

(hereinafter, "Question No. 22".)

14. Baptist Health answered "None" to Question No. 22.

15. In October of 2003, Defendant submitted Baptist Health's ERII renewal application to a new insurer, Platte River Insurance Company ("Platte River"), to obtain a quote from Platte River for Baptist Health's directors and officers coverage.

16. The underwriting for Platte River's insurance policies was conducted by Darwin Professional Underwriters Inc. ("Darwin"). Prior to its receipt of Baptist Health's application in October 2003, Darwin was already familiar with Baptist Health's business and directors and officers insurance coverage, because Darwin's underwriting employee, Kim Lloyd, had until recently been the underwriter at ERII responsible for Baptist Health's directors and officers insurance.

17. Platte River was a new insurance company that, in 2003, did not have its own policy forms for directors and officers insurance. The quotation Platte River provided to defendant in November 2003 for Baptist Health's directors and officers coverage was based on the same coverage terms as Baptist Health's ERII policy.

18. It is standard practice in the insurance industry for brokers, under certain circumstances, to request that insurers delete from their applications warranty questions like Question No. 22 in the ERII application. Such a request would have been particularly appropriate here, given that ERII was the incumbent insurer, the Platte River underwriter was familiar with Baptist Health and its directors and officers coverage as a result of her former position at ERII, and the Platte River policy would be issued on the same form as Baptist Health's ERII policy. Defendant never advised Baptist Health of the benefits of asking Platte

4

River to delete warranty questions prior to submission of the application to Platte River, never advised Baptist Health that such a request should be made, and never made the request on Baptist Health's behalf.

19.  Platte River was among the insurers that defendant recommended to Baptist Health for its directors and officers coverage for the period December 16, 2003, to December 16, 2004.

20.  In recommending Platte River to Baptist Health, defendant failed to advise Baptist Health that switching its directors and officers insurance from ERII to Platte River could create a gap in coverage as to circumstances which had not yet, but which might at some point in the future, result in a claim. Had Baptist Health been so advised, it would not have switched its coverage form ERII to Platte River or it would have taken steps to mitigate this risk.

21.  Defendant also failed to advise Baptist Health that if it did switch its directors and officers insurance from ERII to Platte River, then in order to mitigate the risk that a gap in coverage would be created, Baptist Health should give notice to ERII, prior to the termination of the ERII policy in December, 2003, of any circumstance that could conceivably give rise to a claim.

22.  Based on defendant's recommendation and because of defendant's failure to competently advise Baptist Health of the risks associated with switching its directors and officers insurance coverage or of the available means to mitigate those risks, Baptist Health selected Platte River to provide its directors and officers insurance coverage for the period December 16, 2003, to December 16, 2004.

23.  On December 13, 2003, defendant bound coverage with Platte River on behalf of Baptist Health, effective December 16, 2003, based on the ERII renewal application

5

that had been previously submitted to Platte River. The coverage binder required that Baptist Health also submit an application on Platte River's application form.

24. Defendant allowed Baptist Health to complete and execute a Platte River application form on December 31, 2003. The Platte River application contained Question 6, which was a warranty question substantially similar to Question 22 on the ERII application ("Question 6" or, together with Question 22, the "Warranty Questions"). Defendant again failed to advise Baptist Health that a request could be made to delete Question 6, and did not request that Platte River do so. Had Baptist Health been properly advised by defendant, Baptist Health would have instructed defendant to request that Question 6 be deleted or, if Platte River would not omit Question 6, taken additional steps to mitigate the resulting risk.

25. In reliance upon defendant's advice to switch its directors and officers coverage to Platte River, Baptist Health allowed its ERII policy to terminate.

26. Defendant allowed Baptist Health to terminate its ERII policy without providing a notice of circumstances that could give rise to a claim.

27. Between February 2004 and November 2006, several lawsuits were brought against Baptist Health relating to an economic credentialing policy (the "Policy") that Baptist Health adopted in 2003.

28. On June 27, 2006, Platte River's coverage counsel sent a letter to Baptist Health, with a copy to defendant, stating that Platte River reserved the right to deny Baptist Health's claim for coverage of the lawsuits related to the Policy. Platte River based its reservation of rights on Baptist Health's omission of a reference to the adoption of the Policy in its responses to the Warranty Questions.

29. Upon its receipt of the letter from Platte River's coverage counsel, defendant had actual knowledge of the gap in coverage created by switching from the ERII policy to the Platte River policy, and of the defendant's failure to properly advise Baptist Health regarding the risks presented by switching insurers, deletion of the Warranty Questions, and providing a notice of circumstances to ERII.  Because of the long-standing close, special, and confidential relationship between defendant and Baptist Health, defendant had a duty to inform Baptist Health that it had failed to properly advise Baptist Health concerning these matters, and that its failure to provide proper advice had caused damage to Baptist Health.  Defendant breached its duty by failing to so inform Baptist Health, thereby concealing from Baptist Health its right to assert a claim against defendant.

30. Platte River later denied Baptist Health's claim for coverage of the lawsuits related to the Policy.  Platte River based its denial of coverage for those lawsuits on Baptist Health's failure to reference the adoption of the Policy in its response to the Warranty Questions.

31. Baptist Health sustained damages when Platte River denied coverage for the lawsuits related to the Policy.  Baptist Health also sustained damages when it was required to defend a declaratory judgment action brought by Platte River for a declaration that it was not required to provide coverage for claims brought against Baptist Health related to the Policy.  Baptist Health's damages continue to accrue to this day as it has appealed relevant adverse decisions.

32. Baptist Health did not discover that it had been improperly advised by defendant, and should not have discovered that fact through diligence that was reasonable under

MADI_2018031.1

the circumstances, until after the final order in the declaratory judgment action brought by Platte River.

## COUNT I – NEGLIGENCE

33. Baptist Health hereby incorporates paragraphs 1 through 32 above as if fully set forth herein.

34. Defendant had a duty to provide competent advice, assistance, and recommendations to Baptist Health.

35. Defendant breached its duty to provide competent advice, assistance, and recommendations to Baptist Health in at least the following ways:

   a. failing to advise Baptist Health that Platte River should be asked to delete or ignore the Warranty Questions prior to submitting the applications to Platte River, and failing to make that request to Platte River on Baptist Health's behalf;

   b. failing to advise Baptist Health that switching its directors and officers insurance from ERII to Platte River could create a gap in coverage between the ERII policy and the Platte River policy as to circumstances which had not yet, but which might at some point in the future, result in a claim;

   c. failing to advise Baptist Health that, if it did switch its directors and officers insurance from ERII to Platte River, then in order to mitigate the risk that a gap in coverage would be created, Baptist Health should give notice to ERII, prior to the termination of the ERII policy in December, 2003, of any circumstance that could conceivably give rise to a claim; and

   d. failing to procure appropriate officers and directors insurance for Baptist Health.

36. As a result of defendant's negligence, Baptist Health suffered damages.

8

## COUNT II – BREACH OF FIDUCIARY DUTY

37.     Baptist Health hereby incorporates paragraphs 1 through 32 above as if fully set forth herein.

38.     Defendant owed Baptist Health a fiduciary duty because, among other reasons, defendant held itself out as an insurance specialist, defendant received compensation for its consultation and advice, defendant had a close, long-standing relationship with Baptist Health on questions of insurance, and Baptist Health relied on defendant's expertise.

39.     Defendant breached its fiduciary duties to Baptist Health, betrayed Baptist Health's trust, and abused its position of dominance in Baptist Health's insurance affairs to Baptist Health's detriment by, among other things:

   a.   failing to advise Baptist Health that Platte River should be asked to delete or ignore the Warranty Questions prior to submitting the applications to Platte River, and failing to make that request to Platte River on Baptist Health's behalf;

   b.   failing to advise Baptist Health that switching its directors and officers insurance from ERII to Platte River could create a gap in coverage between the ERII policy and the Platte River policy as to circumstances which had not yet, but which might at some point in the future, result in a claim;

   c.   failing to advise Baptist Health that, if it did switch its directors and officers insurance from ERII to Platte River, then in order to mitigate the risk that a gap in coverage would be created, Baptist Health should give notice to ERII, prior to the termination of the ERII policy in December, 2003, of any circumstance that could conceivably give rise to a claim; and

   d.   failing to procure appropriate officers and directors insurance for Baptist Health.

40. Baptist Health sustained damages as a result of defendant's breaches of its fiduciary duties.

## DEMAND FOR RELIEF

WHEREFORE, Baptist Health requests that this Court enter judgment in favor of Baptist Health and against defendant as follows:

a. Awarding Baptist Health damages due to defendant's negligence in the provision of services to Baptist Health;

b. Awarding Baptist Health damages due to defendant's breach of fiduciary duties to Baptist Health;

c. Ordering defendant to disgorge fees paid to it by Baptist Health in connection with the Platte River directors and officers policy;

d. Awarding Baptist Health prejudgment interest;

e. Awarding Baptist Health its statutory fees and costs; and

f. Awarding Baptist Health such other relief as is equitable and just.

PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY OF EIGHT.

Dated: August 19, 2009

                                                S:/ *Michael N. Watts* _____
                                                Michael N. Watts, MSB #7002
                                                Attorney for Plaintiff Baptist Health

Michael N. Watts (MSB #7002)
mwatts@holcombdunbar.com
HOLCOMB DUNBAR, P.A.
*A Professional Association*
1312 University Avenue
P.O. Drawer 707
Oxford, Mississippi 38655
Phone: (662) 234-8775
Fax:     (662) 238-7552

Kevin J. Egan
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
312.832.4500
312.832.4700 fax

Gordon Davenport, III
Tony H. McGrath
Foley & Lardner LLP
150 East Gilman Street
Madison, WI 53703-1481
608.257.5035
608.258.4258 fax

Bartholomew F. Reuter
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.271.4900 fax

(Applications for admission pro hac vice
PENDING)

11

## CERTIFICATE OF SERVICE

I, Michael N. Watts of Holcomb Dunbar, P.A., do hereby certify, that I have this day electronically filed, the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to:

>Pat Caldwell
>Riley, Caldwell, Cork & Alvis
>207 Court Street
>P. O. Box 1836
>Tupelo, MS    38802-1836

This the 19th day of August, 2009.

S:/    *Michael N. Watts*