# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**BAPTIST HEALTH**                                                    **PLAINTIFF**

**V.**                                                     **CASE NO. 3:09CV60**

**BANCORPSOUTH INSURANCE SERVICES, INC.**            **DEFENDANT**

## ORDER

This cause comes before the court on the motion of defendant, BancorpSouth Insurance Services, Inc., d/b/a Ramsey, Krug, Farrell & Lensing ("BancorpSouth"), to dismiss or in the alternative for summary judgment. In deciding this motion the court also finds it necessary to decide the motion to strike filed by plaintiff, Baptist Health.

Baptist Health is a not-for profit corporation providing health care services in Arkansas. BancorpSouth served as an insurance broker for Baptist Health. BancorpSouth also provided risk management services to Baptist Health.

The policy in question in this suit is the directors and officers liability coverage ("D&O coverage") for Baptist Health. BancorpSouth procured D&O coverage for Baptist Health from Executive Risk Indemnity Inc. ("Executive Risk") prior to December 16, 2003.

In the summer of 2003 Baptist Health was asked to fill out a renewal application. In the process of completing that application it was required to answer a question about potential liability under the policy. Baptist Health indicated it had no outstanding incidents which might lead to liability. Following the application process Baptist Health was covered under a new Platte River Insurance Company ("Platte River") issued policy.

An incident which was not disclosed led to future liability On June 27, 2006 Platte River denied coverage for that incident because it had not been disclosed. On April 17, 2009 an Arkansas District Court issued a declaratory judgment in favor of Platte River on this issue.[1]

In this suit Baptist Health seeks recovery from BancorpSouth alleging it should have had the warranty question, which led to the denial of coverage, deleted from the application or that it should have advised Baptist Health to submit a "notice of circumstances." According to Baptist Health either of these actions would have resulted in the incident in question following within the bounds of its D&O coverage.

While a complaint attacked by at Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1964-65, 167 L..Ed. 2d. 929 (2007)(internal citations omitted). In order to survive a motion to dismiss, the plaintiff, while not required to provide a heightened fact pleading of specifics, must plead enough facts in the complaint to state a claim for relief that is plausible on its face. *Id*. at 1974. . . . [O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969.

If the court does not grant BancorpSouth's motion to dismiss, it seeks alternatively to have the court grant summary judgment. In support of this portion of the motion BancorpSouth has relied on matters outside the pleadings. Courts in the Fifth Circuit do not have to accept matters outside the pleadings which would convert a motion to dismiss into a motion for

---

[1] The judgment grants broader relief than simply denying coverage for this claim; however, for the purposes of this motion there is no need to discuss the decision's implications as they relate to potential damages.

summary judgment. *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414-15 (5th Cir. 1980).

The court will not rely on matters outside the pleadings in deciding this motion. On March 17, 2010 Baptist Health filed a motion to strike some of the representations made in relation to the instant motion. The motion to strike was in response to information gained during the discovery process that called those representations into question. This illustrates the problem with deciding motions for summary judgment too early in the litigation process. The Federal Rules of Civil Procedure create a summary judgment process that is best served by allowing all parties the chance to gather evidence and then have the court determine whether legitimate claims exist. At this point it is clear the parties have not fully gathered all the available evidence. As such the court will not consider the motion for summary judgment. The motion to strike is moot.

The only defense raised for the purposes of this motion is that Baptist Health's claim is barred by the statute of limitations.

Both parties agree the three year statute of limitations found in MISS. CODE ANN. § 15-1-49 controls.[2] The real question before the court is when did the statute begin to run.

BancorpSouth argues the statute's clock started when Baptist Health submitted its insurance application in 2003. Baptist Health argues that the statute did not begin to run until April 17, 2009 when the Arkansas court issued its ruling, or alternatively that it began on June

---

[2] Baptist Health actually argues that other statutes of limitations may also apply but those have been waived by BancorpSouth's instant filing.

27, 2006 when Platte River denied the claim in question.[3]

BancorpSouth argues that "[i]t is well settled in Mississippi that a cause of action begins to run from the time of the injury and not from the time of its discovery." *Wilson v. Retail Credit Co.*, 325 F.Supp. 460, 465 (D.C. Miss. 1971) (citing *Wilder v. St. Joseph's Hospital*, 82 So.2d 651 (Miss. 1955) (overruled by Miss. Code Ann. § 15-1-36; *see Williams v. Kilgore*, 618 So.2d 51, 53-54 (Miss. 1992) (explaining the applicability of the discovery rule to medical malpractice actions)); *McCarlie v. Atkinson*, 27 So. 641 (Miss. 1900)).

Baptist Health does not argue the discovery rule is applicable in this instance. Instead it argues that no cognizable tort had occurred until its damages arose. The Mississippi Supreme Court addressed this issue in *Fletcher v. Lyles*, 999 So.2d 1271 (Miss. 2009). As related to this case, Fletcher brought suit against the real estate broker who sold him his home alleging the broker made a substantial misrepresentation in connection with the transaction. *Id*. at 1275. The trial court ruled the statute of limitations began to run at the time the purchase contract was signed and dismissed all Fletcher's claims. *Id.* The Supreme Court found that the claim did not actually arise until the sale was completed and Fletcher had demonstratable damages. *Id*. at 1277.

The same is true of the instant claim. Baptist Health could not have brought suit at the time it completed its purchase of the D&O insurance. At that point no damages had occurred. "In the absence of damage, no litgable event arose." *Bullard v. Guardian Life Ins. Co. of America*, 941 So.2d 812, 815 (Miss. 2006). It was only at the time that Baptist Health suffered

---

[3] If the statute of limitations was triggered on either of these dates, the instant suit would fall within permissible bounds. As such the court need not rule on this matter.

from the denial of coverage that a suit became appropriate.

Based on the above reasoning, BancorpSouth's motion [27] to dismiss is DENIED.

Baptist Health's motion [71] to strike is MOOT.

This the 12th day of April, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**