UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BAPTIST HEALTH                                                                                          Plaintiff

vs.                                                                          Case No. 3:09CV060-MPM-SAA

BANCORPSOUTH INSURANCE
SERVICES, INC., d/b/a/ RAMSEY, KRUG,
FARRELL & LENSING,                                                                                  Defendant

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO LIMIT TESTIMONY OF DEFENDANT'S EXPERT**

Plaintiff Baptist Health files this Reply to Defendant's Response to Plaintiff's Motion to Limit Testimony of Defendant BancorpSouth Insurance Services, Inc., d/b/a Ramsey, Krug, Farrell, & Lensing's ("Ramsey Krug") Expert, John S. Pierce.

**I.      Introduction**

Baptist Health moves this Court for an order limiting the testimony of Ramsey Krug's expert, John S. Pierce, to the opinions properly disclosed in his report. Under Federal Rule of Civil Procedure 26(a) and Uniform Local Rule 26.1(A), Pierce's expert report is not complete and his testimony should be limited solely to the opinions expressed in his report.

In defense of its incomplete expert designation, Ramsey Krug argues that there is "nothing new to be submitted…but rather a mere quantifying of the information that has already been disclosed." Defendant's Response at 3. Further, Ramsey Krug argues that, "In sum, there is no surprise to the Plaintiff to be occasioned by expert Jack Pierce's quantifying of information that [is] in the possession of the Plaintiff…." *Id*. In essence, Ramsey Krug has told Baptist Health "the information is there – you go find it."

This position is flawed for at least two reasons. First, this stance is in clear contravention of the Rules, Case Management Order, and their intent. Second, Pierce's report lacks the sufficiency and specificity to make this unreasonable request a possibility. A party cannot force another party to glean the ultimate conclusions of its expert, and even if it could, there is not enough information to do so in this case.

## II.     Argument

### A. Ramsey Krug Disregards the Plain Language of the Case Management Order

Ramsey Krug's position disregards the plain language in this Court's Case Management Order which states that, "the expert deadline is the <u>last</u> date by which a party must provide all . . . information and expect to be allowed to introduce it at trial." Case Management Order (Docket # 37) (emphasis in original).

If Ramsey Krug knew that they would have trouble meeting the deadline they could have asked the Court for guidance. The Court "always verbally reminds counsel at the conference that if they encounter difficulties with obtaining the necessary expert information, they should contact the court immediately to obtain the court's assistance and to avoid the sanction of having designations stricken." *Maddox v. Heritage Property, Inc.*, 2009 WL 1155389, * 1 (N.D. Miss. 2009). The Court's instructions in this instance were clear, yet Ramsey Krug failed to meet the "<u>last</u>" deadline or ask the Court for assistance. In fact, Ramsey Krug had previously asked and received one extension to the expert deadline. *See* Agreed Order Extending Defendant's Expert Witness Deadline (Docket # 68).

Ramsey Krug acknowledges that all information Pierce intends to use was available at the time of his initial report. Accordingly, this Court should apply the rule that untimely, supplemental expert testimony is routinely rejected when based upon information available prior

to the deadline for expert disclosures. *Cooper Tire and Rubber Co., v. Farese*, 2008 WL 5104745, at * 4 (N.D. Miss); *See also Sierra Club vs. Cedar Point Oil Co.*, 73 F. 3d 546, 569 (5th Cir. 1996) (Rule 26 requires initial expert disclosures to be complete and detailed).

### B. Pierce's Report Lacks Specificity

Even if it were proper to make a party divine an expert's conclusions from the disclosed data, Pierce has not set forth his opinions with sufficient specificity to make this a possibility. Pierce has undertaken a review of all the submitted legal bills incurred by Baptist Health and intends to provide expert testimony that various charges were unreasonable (and should therefore be excluded from Baptist Health's damages). However, in several instances, when the moment of truth comes for Pierce to disclose the actual amounts he considers unreasonable, he **only provides examples**, which he admits are not exhaustive. Pierce Report at 13, 16 ("While the above examples are not exhaustive, they are illustrative of the billing patterns…); ("The above examples…are only illustrative…"). In other places, he frankly admits he has not completed his work. Pierce Report at 14 ("I am in the process of quantifying such duplication of effort and reserve the right to quantify my opinion in this regard once such quantification is complete"). Baptist Health cannot be expected to discern what other "examples" will come out of the woodwork at trial.

Pierce admits in his Conclusion that it is a *work in process* in its entirety: "I am still in the process of quantifying the deductions for **each** of the opinions I have expressed regarding the unreasonable billing practices..." Pierce Report at 21 (emphasis added). Ramsey Krug incorrectly asserts in their Response that Baptist Health is seizing on a discrete portion of Pierce's report. To the contrary, Pierce included the above sentence in his **Conclusion** which expresses the incomplete nature of **all** the opinions in his report.

Any attempt by Baptist Health to quantify Pierce's opinions would be nothing more than guess work at this point. The intention of the expert designation deadline is to remove this guess work by requiring Ramsey Krug to comply by submitting information it has the burden of establishing. This Court should not allow Ramsey Krug to shift the burden to Baptist Health to identify what Pierce will testify to at trial.

However, Ramsey Krug has taken the stance that Baptist Health should somehow be able to anticipate the breadth of Pierce's ongoing analysis and the number that will result. A review of Pierce's report demonstrates that it is not specific enough for this to be a reasonable position. Since Baptist Health cannot reasonably be expected to accurately predict this, surprise will certainly result from Pierce's final conclusions.

### III. Conclusion

Baptist Health reasserts its position that allowing Pierce to continue to analyze and later quantify his incomplete opinion would result in an untimely and improper designation. Permitting Pierce to testify as to his ongoing analysis would result in substantial and unjustified harm to Baptist Health. Ramsey Krug argues that Pierce would merely be quantifying his opinions based on documents in Baptist Health's possession and that no surprise would result. However, Pierce's report lacks the specificity and sufficiency to make this unreasonable and improper burden on Baptist Health a realistic possibility.

For the reasons discussed above and set forth fully in its Motion to Limit Testimony of Defendant's Expert, Baptist Health respectfully requests that this Court enter an order limiting John S. Pierce's expert opinion testimony at trial to what is contained in his March 5, 2010 report.

Dated this the 14th day of April, 2010.

                              HOLCOMB DUNBAR, P.A.

                              s/Michael N. Watts
Michael N. Watts, MS Bar No. 7002
400 South Lamar, Suite A
Post Office Drawer 707
Oxford, MS 38655
Telephone:  (662) 234-8775
Facsimile:  (662) 238-7552
mwatts@holcombdunbar.com

Gordon Davenport III, WI Bar No. 1013931 (PHV)
FOLEY & LARDNER LLP
150 East Gilman Street
P.O. Box 1497
Madison, WI  53701-1497
Telephone: (608) 257-5035
Facsimile:  (608) 258-4258
gdavenport@foley.com

*Attorneys for Baptist Health*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 14, 2010, I electronically filed the foregoing Motion to Limit Testimony of Defendant's Expert with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**James P. Caldwell**
caldwell@tsixroads.com

**Gordon Davenport**
gdavenport@foley.com,sbidwell@foley.com

**Kevin J. Egan**
kegan@foley.com

**Bartholomew F. Reuter**
breuter@foley.com

**Kevin Bryan Smith**
kevinsmith@tsixroads.com

**Michael Noel Watts**
mwatts@holcombdunbar.com,edanford@holcombdunbar.com

**Walter Cox**
wcox@coxfirm.com

                                              s/Michael N. Watts
                                              Michael N. Watts
                                              Holcomb Dunbar, P.A.