IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BAPTIST HEALTH                                              PLAINTIFF

V.                                                          CIVIL ACTION NO.
                                                            3:09-CV-060-MPM-SAA

BANCORPSOUTH INSURANCE
SERVICES, INC., d/b/a RAMSEY,
KRUG, FARRELL & LENSING                                     DEFENDANTS

# ORDER

Before the court are plaintiff's motion to compel defendant to respond to its second set of interrogatories and third set of requests for production of documents [Docket 104]; defendant's motion for extension of discovery deadline [Docket 114]; and plaintiff's motion for order granting motion to compel under L.U.Civ.R. 7(b)(3)(e) [Docket 120].

<u>Plaintiff's motions to compel</u>

Plaintiff filed a motion to compel defendant to fully respond to plaintiff's second set of interrogatories and produce documents responsive to plaintiff's third set of requests for production on April 8, 2010. Docket 105. The motion was properly filed, accompanied by a memorandum and good faith certificate in conformity with the Local Uniform Civil Rules. Docket 105 & 106. The defendant failed to file a response to the motion. Thereafter, on April 28, 2010 the plaintiff filed a motion requesting the court enter an order granting its motion to compel as unopposed because defendant failed to respond to the motion. Local Uniform Civil Rule 7(b)(3)(E) provides "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." The defendant has had ample notice of the pending motion and defense counsel attached his electronic signature

1

to the good faith certificate indicating defendant's opposition to the motion and that briefs, if any, would be filed in accordance with the time limitations of the Local Rules. Docket 106. The court concludes that the defendant had actual knowledge of the pending motion and has failed to respond. Accordingly, both the motion to compel and motion requesting an order granting the motion to compel should be granted.

Defendant must serve full and complete supplemental responses to plaintiff's second set of interrogatories, particularly Interrogatory Number 3 – with the limitation of the time frame from 2000 to the present as agreed by plaintiffs – no later than June 15, 2010. Likewise, defendant must produce all documents, information or materials responsive to Request Number 1 of plaintiff's third set of requests for production – again limiting the time frame to the period from 2000 to the present as agreed by plaintiff – no later than June 15, 2010.

<u>Defendant's motion for extension of the discovery deadline</u>

Defendant seeks an extension of the discovery deadline to allow it to subpoena documents from two law firms and to take a 30(b)(6) deposition of one of the firms. Docket 114. Both firms have represented plaintiff regarding various matters in the past. It is established by deposition testimony that one of the firms, Foley & Lardner, has represented plaintiff for a period of time spanning over a decade. Docket 114, quoting deposition testimony of Baptist Health's CEO, Russell Harrington. The other firm, The Health Law Firm, through attorney Harold Simpson, represented plaintiff relating to the drafting and adoption of an economic credentialing policy that was the subject of a previous court order denying a motion to compel documents protected by the attorney/client privilege. Docket 141. These firms are both located outside of the subpoena power of this court. Docket 114. Additionally, in its objection to the requested

extension of time, plaintiff has submitted a declaration from both firms stating that neither firm was asked to provide, nor did either provide, legal advice to plaintiff relating to directors and officers ("D&O") insurance. Docket 115. Specifically, both firms' declarations state that they were not asked to provide, nor did they provide, any advice to plaintiff in connection with the 2003 D&O insurance application for renewal of plaintiff's D&O policy.

The discovery deadline in this case was April 29, 2010.[1] The defendant issued Rule 45 subpoenas in the Eastern District of Arkansas for the Health Law Firm on April 13, 2010, and in the Northern District of Illinois for Foley & Lardner, LLP on April 7, 2010 requesting documents and information responsive to specific requests, as well as deposition testimony relating to those requests. Docket 114, exhibits A&B. A hearing was held before United States District Judge Robert W. Gettleman on April 27, 2010 in the Northern District of Illinois regarding a motion to quash filed by Foley & Lardner, LLP. Docket 114, p. 2, fn2. According to the docket in the case before Judge Gettleman, the parties entered into an agreed stipulation of dismissal of the motion and the case was closed.[2] Currently defendant has not issued an additional subpoena for Foley and Lardner, LLP. The court is unaware of the outcome of the subpoena issued to The Health

---

[1] On April 9, 2010, the undersigned granted an extension of the discovery deadline until May 6, 2010 for the sole purpose of taking the deposition of the defendant's expert witness. This extension of time did not affect the discovery deadlines for all other relevant discovery in this case. Docket 107.

[2] The agreed stipulation of dismissal states:
> BancorpSouth Insurance Services Inc. d/b/a Ramsey, Krug, Farrell & Lensing ("BancorpSouth") has withdrawn its subpoena served on Foley & Lardner without prejudice. Therefore, pursuant to Federal Rule of Civil Procedure 41(a), Baptist Health and BancorpSouth hereby stipulate to the dismissal of the above-captioned action in its entirety without prejudice, including all pending motions therein, each party to bear its own costs and attorneys' fees.

Stipulation attached as exhibit A.

Law Firm in Arkansas. Nevertheless, in light of the court's order denying defendant's motion to compel information relating to Harold Simpson's representation of plaintiff on the economic credentialing policy, Docket 141 and the fact that the defendant agreed to withdraw its subpoena to Foley and Larnder, LLP, the requested extension of time is denied.

**SO ORDERED**, this the 1st day of June, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE